Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Daniel J Williams**

Case No.: **17-32634**

Judge: **MBK**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☑ Original
☐ Motions Included

☐ Modified/Notice Required
☐ Modified/No Notice Required

Date: **11/21/2017**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **RCN**    Initial Debtor: **DJW**    Initial Co-Debtor _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay **1,400.00 Monthly** to the Chapter 13 Trustee, starting on **December 1, 2017** for approximately **0** months.

b. The debtor shall make plan payments to the Trustee from the following sources:

1

☑ Future Earnings
☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     X NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Attorney Fee** | **Legal Fee** | 2,300 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

3

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

<u>Creditor</u>
Quicken Loans

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5:  Unsecured Claims        X  NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐   Not less than $____ to be distributed *pro rata*

☐   Not less than ___ percent

☑   *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases    X  NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    X  NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1.** *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**
The Debtor moves to avoid the following liens that impair exemptions:

4

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

d. **Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification    X NONE

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: ____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes    ☐ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **November 21, 2017** | **/s/ Robert C. Nisenson** |
|---|---|---|
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor |
| Date: | **November 21, 2017** | **/s/ Daniel J Williams** |
| | | **Daniel J Williams** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

### Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

| Date | **November 21, 2017** | **/s/ Robert C. Nisenson** |
|---|---|---|
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | **November 21, 2017** | **/s/ Daniel J Williams** |
|---|---|---|
| | | **Daniel J Williams** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

```
                              United States Bankruptcy Court
                                    District of New Jersey

In re:                                                           Case No. 17-32634-MBK
Daniel J Williams                                                Chapter 13
         Debtor
                                     CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin                 Page 1 of 2          Date Rcvd: Nov 22, 2017
                              Form ID: pdf901             Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 24, 2017.
db          +Daniel J Williams,    4 Lake Street,    New Brunswick, NJ 08901-3213
517167129   +Barclays Bank Delaware,    100 S West St,    Wilmington, DE 19801-5015
517167130   +Barclays Bank Delaware / Upromise,    100 S West St,    Wilmington, DE 19801-5015
517167131   +Cb/westgate,    Po Box 182789,    Columbus, OH 43218-2789
517167132   +Citibank/Exxon Mobile,    Po Box 6497,    Sioux Falls, SD 57117-6497
517167133   +Citibank/Goodyear,    Citicorp Cr Srvs/Centralized Bankruptcy,    Po Box 790040,
              S Louis, MO 63179-0040
517167134   +Citibank/Shell Oil,    Citicorp Srvs/ Centralized Bankruptcy,    Po Box 790040,
              St Louis, MO 63179-0040
517167135   +Citibank/The Home Depot,    Citicorp Cr Srvs/Centralized Bankruptcy,    Po Box 790040,
              S Louis, MO 63179-0040
517167136   +Comenitybank/westgate,    Comenity Bank,    Po Box 182125,    Columbus, OH 43218-2125
517167137   +Comenitycapital/goodsa,    Comenity Bank,    Po Box 182125,    Columbus, OH 43218-2125
517167140    Elan Financial Service,    Cb Disputes,    Saint Louis, MO 63166
517167141   +PNC Bank Credit Card,    Po Box 5570,    Mailstop BR- YB58-01-5,    Cleveland, OH 44101-0570
517167144   +SST/Best Egg,    Attn: Bankruptcy,    4315 Pickett Rd,    Saint Joseph, MO 64503-1600
517167143   +Sofi Lending Corp,    375 Healdsburg Ave Ste 280,    Healdsburg, CA 95448-4151
517187780   +United Teletech Fin FC,    205 Hance Ave,    Tinton Falls, NJ 07724-2764
517167154   +Wells Fargo Bank,    Po Box 14517,    Des Moines, IA 50306-3517
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Nov 22 2017 22:41:42     U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 22 2017 22:41:40     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
              Newark, NJ 07102-5235
517187606    E-mail/Text: mrdiscen@discover.com Nov 22 2017 22:41:02     Discover Bank,
              Discover Products Inc.,    PO Box 3025,    New Albany, OH 43054-3025
517167138   +E-mail/Text: mrdiscen@discover.com Nov 22 2017 22:41:02     Discover Financial,    Po Box 3025,
              New Albany, OH 43054-3025
517167142   +E-mail/Text: bankruptcyteam@quickenloans.com Nov 22 2017 22:42:03     Quicken Loans,
              1050 Woodward Ave,    Detroit, MI 48226-1906
517167146   +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 22:49:21     Synchrony Bank,
              Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
517168209   +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 22:49:50     Synchrony Bank,
              c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517167147   +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 22:49:21     Synchrony Bank/ JC Penney,
              Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
517167148   +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 22:49:21     Synchrony Bank/Amazon,
              Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
517167149   +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 22:49:51     Synchrony Bank/Gap,
              Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
517167150   +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 22:49:21     Synchrony Bank/Lowes,
              Po Box 965005,    Orlando, FL 32896-5005
517167151   +E-mail/PDF: gecsedi@recoverycorp.com Nov 22 2017 22:49:21     Synchrony Bank/Walmart,
              Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
517167152    E-mail/Text: bankruptcy@td.com Nov 22 2017 22:41:45     TD Bank, N.A.,    Attn: Bankruptcy,
              32 Chestnut St,    Lewiston, ME 04243
                                                                                              TOTAL: 13

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517167145      Syncb/pc Richard
517167153      United Teletech Fin Fc
517167139*   +Discover Financial,    Po Box 3025,    New Albany, OH 43054-3025
                                                                                   TOTALS: 2, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 24, 2017                                    Signature:  /s/Joseph Speetjens

```
District/off: 0312-3          User: admin              Page 2 of 2            Date Rcvd: Nov 22, 2017
                              Form ID: pdf901          Total Noticed: 29
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 22, 2017 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    QUICKEN LOANS INC. rsolarz@kmllawgroup.com
              Robert C. Nisenson    on behalf of Debtor Daniel J Williams rnisenson@aol.com,
               nisensonlaw@aol.com;G2729@notify.cincompass.com;nisensonlaw@gmail.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                            TOTAL: 4
```